IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNEVER LIVINGSTON,** | : | CIVIL NO. 1:15-CV-561 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN DONNA ZICKEFOOSE,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed on March 20, 2015, by petitioner Dennever Livingston ("Livingston"), a federal inmate incarcerated at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania. Livingston claims that his due process rights were violated in the context of a prison disciplinary hearing. The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.     Background**

In February 2009, while incarcerated at the Federal Correctional Complex Yazoo, in Yazoo City, Mississippi, Livingston was charged in Incident Report Number 1839036 with using intoxicants, in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 222. (Doc. 1, p. 2; Doc. 9-2, Ex. 1, Declaration of K. Michael Sullivan, Senior BOP Attorney ("Sullivan Decl."), ¶ 3).

A disciplinary hearing was held and the disciplinary hearing officer ultimately found that Livingston committed the act as charged and sanctioned him with a loss of twenty-seven days of good conduct time. (Doc. 1, p. 2).

On October 8, 2014, Livingston filed Administrative Remedy No. 797799-R1 with the Northeast Regional Office. (Doc. 9-2, Sullivan Decl. ¶ 16; Doc. 9-2, p. 15, Administrative Remedy Generalized Retrieval). On October 14, 2014, Administrative Remedy No. 797799-R1 was rejected. (Doc. 1, p. 7; Doc. 9-2, Sullivan Decl. ¶ 17; Doc. 9-2, p. 15). Livingston was advised that the appeal was in improper form, he did not enclose a copy of the DHO report nor its date, and the charges being appealed were not identified. (Id.) Livingston was instructed to resubmit his appeal in the proper form within ten days of the date of the rejection notice. (Id.)

On November 20, 2014, Livingston appealed the rejection of Administrative Remedy No. 797799-R1 to the BOP Central Office, designated as Administrative Remedy No. 797799-A1. (Doc. 9-2, Sullivan Decl. ¶ 18; Doc. 9-2, p. 18). On February 24, 2015, the BOP Central Office rejected the appeal. (Id.) Livingston was informed that he submitted his request or appeal to the wrong level. (Id.; Doc. 1, p. 5). The Central Office advised him to follow the directions on the prior rejection from the Regional Level. (Id.)

There is no record that Livingston filed any other administrative remedies concerning the claims raised in the present habeas petition. Moreover, Livingston acknowledges that he did not file any further appeals. (Doc. 1, p. 3).

The instant petition was filed on March 20, 2015.  (Doc. 1).  In the petition, Livingston maintains that he did not commit the act for which he was charged, he did not possess an intoxicant during the timeframe in question, and the incident report was falsified.  (Id. at pp. 3, 6).  For relief, Livingston requests that the court restore his good time credits and expunge the incident report.  (Id. at p. 4).

## II.    Discussion

Respondent argues that the petition should be denied based on Livingston's failure to comply with the BOP's administrative review process.  (Doc. 9, pp. 6-10). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if

the administrative procedure is clearly shown to be inadequate to prevent irreparable injury"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 9-2, Sullivan Decl. ¶ 5, citing 28 C.F.R. §§ 542.10, et seq.). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the DHO's written report. (Id. at ¶ 7, citing 28 C.F.R. §§ 542.15(a), 542.14(d)(2)). If dissatisfied with the Regional Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel. (Id., citing 28 C.F.R. § 542.14(d)(2)). This is the inmate's final available administrative appeal.

In the instant matter, Livingston failed to exhaust the available administrative remedies. Livingston filed his initial administrative remedy to the Northeast Regional Office. The appeal was rejected based on his failure to provide a copy of the DHO report, and failure to identify the charges and date of the DHO action. (Doc. 1, p. 7). Livingston was advised that he "may resubmit [his] appeal in

proper form within 10 days of the date of this rejection notice." (Id.)  At this point, rather than pursue further administrative review with the Regional Director, Livingston filed an appeal with the Central Office.  The Central Office rejected his appeal on February 24, 2015 because it was submitted to the wrong level.  The Central Office advised Livingston to "follow [the] directions provided on prior rejection notices."  (Doc. 1, p. 5).  Livingston did not submit any further appeals after the BOP Central Office rejected his appeal.  Notably, Livingston affirms that he "filed no additional appeals after the second appeal."  (Doc. 1, p. 3).  Rather than comply with the directive of the Central Office, Livingston then filed the instant petition.

Because Livingston has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

### III.   Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied.  An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      May 26, 2015